IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHEL E. YANNI, | : | |
| | : | |
| Petitioner, | : | Case No. 2:21-cv-4172 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Chelsey Vascura |
| | : | |
| WARDEN, OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, CORRECTIONAL RECEPTION CENTER, | : : : : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendation (ECF No. 11). The Magistrate Judge's Report and Recommendation recommended that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) be denied and that this action be dismissed. For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. As such, Petitioner's Objections (ECF No. 12) are **OVERRULED**, and his Petition (ECF No. 1) is **DENIED**.

I. BACKGROUND

Petitioner Michel Yanni is an Ohio state prisoner serving an eleven-year sentence for drug trafficking. (ECF No. 11 at 3). The relevant procedural history is as follows.

On October 30, 2018, law enforcement arranged for a controlled buy of narcotics from Petitioner, after which he was placed under arrest. (*Id.* at 2). On November 8, 2018, Petitioner was indicted on one count of trafficking in drugs (methamphetamine) in violation of R.C. § 2925.03(A)(1). (*Id.* at 1). At trial, Petitioner testified in his own defense that the items which law

1

enforcement recovered from his home came from his marijuana business; he denied ever dealing methamphetamine, however. (*Id.* at 2). Petitioner also testified during his direct examination that he started out as a seller of small quantities of marijuana, but before too long, began selling more than small quantities of that substance. (*Id.* at 11). Petitioner additionally testified on direct examination that he and the confidential informant were business partners that engaged in marijuana trafficking. (*Id.*). On cross-examination, the prosecution elicited testimony from Petitioner about his marijuana trafficking conduct regarding an unrelated pending criminal indictment in another county. (*Id.* at 10). On April 5, 2019, a jury found Petitioner guilty of trafficking methamphetamine and the major drug offender specification. (*Id.* at 3). Consequently, Petitioner was sentenced to eleven years in prison and fined $20,000.00. (*Id.*) Petitioner filed an appeal to the state appellate court, raising the following three assignments of error:

> I. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO ELICIT TESTIMONY FROM APPELLANT REGARDING AN UNRELATED PENDING CRIMINAL INDICTMENT IN FRANKLIN COUNTY, OHIO IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATED CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
>
> II. THE TRIAL COURT ERRED BY PERMITTING THE INTRODUCTION OF UNFAIRLY PREJUDICIAL AND IRRELEVANT EVIDENCE IN VIOLATION OF THE OHIO RULES OF EVIDENCE AND APPELLANT'S RIGHTS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
>
> III. THE PROSECUTOR'S REMARKS REGARDING APPELLANT'S PENDING CRIMINAL INDICTMENT IN FRANKLIN COUNTY, OHIO CONSTITUTED PROSECUTORIAL MISCONDUCT IN VIOLATION OF APPELLANT'S RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

(*Id.*) (quoting *State v. Yanni*, No. CT2019-0050, 2020 WL 1686250, *3 (Ohio Ct. App. April 6, 2020)).

On April 6, 2020, the state appellate court overruled all three assignments of error and affirmed the trial court's judgment. (ECF No. 11 at 4). Based on Petitioner's direct examination testimony, the state appellate court determined that Petitioner had waived his Fifth Amendment privilege concerning questions on cross-examination about the scope of his marijuana trafficking, including the prosecution's questions about Petitioner's possession of marijuana that had led to an indictment in a different county. (*Id.* at 11–12).

Petitioner sought an appeal in the Ohio Supreme Court on the issue of whether "Defense counsel opening the door on a particular issue . . . deprive[s] a defendant of his Fifth Amendment right to remain silent." (*Id.*) On August 18, 2020, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal. (*Id.*) On August 13, 2021, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). Petitioner is counseled. Petitioner raised the following grounds for relief in said petition:

> (1) The trial court erred when it permitted inquiry by the State during petitioner's cross-examination of an unrelated pending criminal indictment in violation of Petitioner's Fifth and Fourteenth Amendment Rights;
> (2) The trial court erred by permitting the introduction of rights as guaranteed unfairly prejudicial and irrelevant evidence in violation of the Ohio Rules of Evidence and Appellant's rights under U.S. and Ohio Constitutions.
> (3) The prosecutor's remarks regarding Appellant's pending criminal indictment in Franklin County, Ohio constituted prosecutorial misconduct in violation of Appellant's right to a fair trial.

(*Id.* at 2).

On March 17, 2022, the Magistrate Judge issued her Report and Recommendation ("R&R") recommending that Petitioner's petition be denied. (ECF No. 11). Petitioner's basis for seeking habeas relief, as the R&R summarized it, is that "the trial court allowed the prosecution to cross examine him about an indictment in a different county for marijuana sales even though his lawyer objected on Fifth Amendment grounds." (*Id.* at 6). Although Petitioner complains that the

state appellate court determined wrongfully that the scope of the prosecution's cross-examination questions was proper, the R&R reasoned, Petitioner chose to testify in his own defense and was therefore unable to raise the privilege against self-incrimination on cross-examination. (*Id.* at 7) (citing *Brown v. United States*, 356 U.S. 148, 154–55 (1958)). After providing the relevant excerpts from the state appellate court's decision, the R&R determined that it was reasonable for the state appellate court to conclude that the prosecution's cross-examination questions were reasonably related to Petitioner's direct examination testimony that he trafficked in marijuana. (*Id.* at 12–13). The R&R then addressed Petitioner's argument that the state appellate court found erroneously that his counsel was unable to raise a Fifth Amendment self-incrimination objection on his behalf. (*Id.* at 13). The R&R instead observed that while the state appellate court expressly acknowledged Petitioner's trial counsel's objection, it noted that Petition did not assert the Fifth Amendment at trial and instead opened to door to questioning about his drug trafficking by testifying about it on direct examination. (*Id.* at 13–14). Having considered Petitioner's arguments, the R&R recommended ultimately that this action be dismissed. (*Id.* at 14).

Petitioner timely filed objections. (ECF No. 11).

## II. STANDARD OF REVIEW

In reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that he been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the manner to the magistrate judge with instruction." *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief with respect to a "claim that was adjudicated on the merits in State

court proceedings" only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's adjudication of a claim is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Stojetz v. Ishee*, 892 F.3d 175, 190 (6th Cir. 2018). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Moreover, if a claim was not presented in state-court proceedings because of a petitioner's failure to raise the issue in violation of a state procedural rule, that claim is subject to procedural default and will only be reviewed upon a showing of cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729, 750 (1991).

### III. LAW AND ANALYSIS

Petitioner's Objections present two arguments: (1) that if *Hemphill v. New York,* 142 S. Ct. 681 (2022) is read to adopt the twofold test expounded in *People v. Reid,* 19 N.Y.3d 382, 948 N.Y.S.2d 223, 971 N.E.2d 353 (2012)—a New York State Court of Appeals case—then that case should be applied to Petitioner's trial court testimony such that the cross-examination testimony cannot be introduced to contradict his direct examination testimony; and (2) Petitioner's trial counsel should have been allowed to invoke his Fifth Amendment right on his behalf on the basis that multiple jurisdictions allow it.

Neither argument articulates how the underlying state appellate court ruling was issued in contravention of clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

With respect to the first basis for Petitioner's Objections, his argument bespeaks the very weakness with his position: he requests that this Court adopt a particular *reading* of a United States Supreme Court case such that it adopts a *state court* interpretation of what constitutes admissible testimony under the Confrontation Clause. Specifically, Petitioner argues that Supreme Court precedent "makes a compelling case to adopt New York's *Reid* rule as a basis to understand what testimony does and does not 'open the door,' especially when applied to possible violations of constitutional guarantees." (ECF No. 12 at 4). What Petitioner does not demonstrate, however, is how the state court adjudication was "contrary to" clearly established federal law. The potential merit of Petitioner's argument notwithstanding, in the absence of such a showing, his position is inadequate to warrant relief under ADEPA. *See Stojetz*, 892 F.3d at 190.

Petitioner's second argument likewise misses the mark. Regardless of whether an attorney *may* invoke his client's Fifth Amendment right, the state appellate court found that trial counsel nonetheless never instructed appellant not to answer and that Petitioner never asserted his Fifth Amendment right against self-incrimination. As such, Plaintiff's trial counsel cannot be said to have invoked the right on his client's behalf. To the contrary, Plaintiff voluntarily testified about his drug dealing activities and thus opened the door to questioning about the subject; the Fifth Amendment was not violated in this instance. *See Brown*, 356 U.S. at 154–55 (holding that a criminal defendant who "takes the stand and testifies in his own defense . . . may be impeached and his testimony assailed like that of any other witness, and the breadth of his waiver is determined by the scope of relevant cross-examination."); *Minnesota v. Murphy*, 465 U.S. 420,

427 (1984) (noting that the Fifth Amendment "does not preclude a witness from testifying voluntarily in matters which may incriminate him . . . . ").

In short, Petitioner's Objections fail substantively to show that the state court adjudication was in any way "contrary to" clearly established federal law. This Court has reviewed *de novo* the Report and Recommendation as it relates to Petitioner's objections and finds it to be correct in all respects. As such, Petitioner's Objections are overruled. This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

## IV.   CONCLUSION

For the above-mentioned reasons, the Magistrate Judge's Report & Recommendation (ECF No. 11) is **ADOPTED**. As such, Petitioner's Objections (ECF No. 12) are **OVERRULED,** and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.  This case is **DISMISSED.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　ALGENON L. MARBLEY
　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  February 16, 2023**